FERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* PESCAY ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action for the Rescission of a Contract and for Damages.

No. 1774.—Decided December 23, 1918.

CONSTRUCTION OF LAW.—The provision of section 140 of the Code of Civil Procedure, which is the same as section 473 of the California Code, is a remedial provision and should be construed liberally with a view to effect its objects and promote justice. It is best observed by disposing of causes on their substantial merits rather than with strict regard to technical rules of procedure.

DISCRETION OF COURT.—Under section 140 of the Code of Civil Procedure, the discretion of the lower court ought always to be exercised, as it was in this case, in conformity with the spirit of the law, and in such manner as will subserve rather than impede or defeat the ends of justice, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right.

The facts are stated in the opinion.

*Mr. E. Rincón Plumey* for the appellant.

*Mr. M. Guerra Mondragón* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff, a lessee, brought suit for rescission of the contract of lease and for damages. The original complaint set

up a simple contract of lease, executed before two witnesses and later converted into a notarial instrument, alleging the erection of certain buildings and payment of rental by plaintiff, also the insuring and mortgaging of such improvements by lessor and consequent loss by lessee of mercantile credit and moral standing as a business man and citizen.

After application for and entry of default an amended complaint was filed setting up a verbal agreement of lease including an express promise to convey to lessee the leased premises for a consideration of $500 as soon as lessors should satisfy a mortgage on certain real estate including the ground leased to plaintiff, reciting the improvements made by lessee and alleging that plaintiff was induced to sign the written contract containing no mention of such option by representations that the writing was a mere matter of form and that the verbal promise to sell would continue in force. It was further averred that defendants, on paying off the mortgage above mentioned, did not sell to plaintiff but remortgaged the premises together with the improvements made by plaintiff, and fraudulently insured such buildings together with certain machinery contained therein, the property of plaintiff; that through such breach of contract by defendants plaintiff lost a sale of the said houses and of the business conducted therein and in consequence thereof a profit of $3,000. The prayer was in the alternative for annulment of the contract in writing and specific performance of the alleged verbal agreement to sell, or a recission of the contract and damages.

The case came on for trial and, defendants not having appeared, plaintiff introduced his evidence and obtained a judgment which later was set aside on motion of defendants.

From this order plaintiff appealed.

Any adequate discussion of the thirteen assignments of error, some of which are not wholly without merit from a technical viewpoint, would unduly extend this opinion and would serve no very useful purpose.

The amended complaint did not aver that the written memorandum which failed to include the alleged verbal option had been converted almost a year later into a formal notarial instrument, and the document last mentioned was not introduced in evidence at the trial.    The motion to open the default was based on affidavits, papers attached thereto and the record. The attorney who drew the original complaint was substituted by another before the amended complaint was filed.

The affidavit of the attorney for defendants set forth in substance that during July, 1917, Pescay and his wife spoke to affiant about the complaint filed in this case; that affiant was then a candidate for representative at large and, having no time to give to the matter, asked Mr. Gregory, at that time attorney for plaintiff, to waive the default that had been entered and to give affiant time to prepare the defense and file an answer to the complaint; that Gregory consented to this; that affiant was elected at the general election in July, 1917, and thereafter had no time to devote to professional matters by reason of his work in the legislature; that affiant never knew anything about the later entry of default nor about the setting of the case for trial, for which reason he was unable to do anything either in person or through another attorney in defense of the interests of his clients.

The defendant, Simón Pescay, swears that he is one of the defendants and contracted with plaintiff for the lease of the lot described, which contract is copied into the amended complaint; that affiant never offered, verbally or in writing, to sell the said lot to plaintiff at any price during the life of said contract, nor at any other time; that the said private agreement was solemnized in a public instrument on January 1, 1917, wherein the affiant and plaintiff ratified the agreement contained in the previous extrajudicial contract; that in neither the extrajudicial contract nor in the public instrument was any mention made of a promise to sell by affiant to plaintiff; that on the contrary there is an essential clause in both

contracts to the effect that on termination of the lease—that is to say, after the lapse of the three-year term thereof—plaintiff will have no option whatever on the lands in question. In other words, the buildings will become the exclusive property of affiant and of his wife; that the lands referred to and the house on the lot were mortgaged in favor of Abarca, but affiant having had an opportunity to secure a lower rate of interest, discharged said mortgage in order to execute another on the same day for a smaller amount in favor of Antonio Pérez Pierret; that affiant did not raise the mortgage entirely at that time because he did not have the money to pay; that otherwise he would have preferred, as a prudent business man, to pay the debt rather than to pay interest without necessity therefor; that affiant insured the building referred to in the amended complaint, not in the name of affiant but in that of plaintiff, and did not include in the policy the machinery contained in said building; that said building is worth approximately $500 and not $2,000, as estimated by plaintiff; that plaintiff has never demanded of affiant the sale of the land in question, nor is it true that affiant at any time agreed to sell the said lot to plaintiff at any price.

Juan Gregory, former attorney for plaintiff, states that affiant, as attorney for plaintiff, drew the original complaint in this case; that after entry of default Attorney Miguel Guerra requested affiant one day in the street to open the said default because the said Guerra, as candidate in the electoral campaign, had not time to discuss the matter with affiant nor to prepare the defense; that affiant being aware that if Guerra applied to the court for an extension of time to answer it would be granted, did not hesitate to give Guerra two months to answer the complaint, not only for the principal reason that the district court was in vacation, but also because of the imperative character of the work in which Guerra at that time was engaged; that affiant prepared and drew the original complaint in this case in accordance with

the data furnished him by plaintiff; that affiant set forth in said original complaint all the facts furnished him by Fernández.

The proposed answer which accompanied these affidavits, after a general and specific denial, affirms that the private agreement entered into between plaintiff and defendants in the month of March, 1916, was converted into a public deed executed before Notary Damián Monserrat y Simó on January 1, 1917, wherein both parties ratified the stipulation and agreement made in the former private contract. It is not true that they ever agreed, either orally or in writing or otherwise, to sell to the plaintiff the lot occupied by him, where the house referred to in the complaint is located, for the sum of $500, nor for any other sum. And defendants further allege that it is a very important and essential part of the private agreement referred to, as well as of the contract ratified thereafter by public deed before Notary Monserrat, that upon the termination and expiration of the period for which the contract of lease was made the plaintiff should not have any right to the house built on said lot, which will become the private property of the defendants.

The defendants allege that far from its being true that any disagreement occurred between the plaintiff and his partners for the reasons stated in the amended complaint, the plaintiff has been paying uninterruptedly the rent for the lease, even after the difference alleged in said complaint to have occurred between the plaintiff and the defendants. And the defendants deny that the plaintiff had ever required them to sell the lot occupied by him at any time during the life of said contract of lease; and they allege, moreover, that the plaintiff, Cándido Fernández, on several occasions had admitted and confessed before certain parties that he had no right whatever to an option for the purchase of the land referred to. The defendants further deny having insured in their names the said house in the insurance company mentioned

in the complaint, and they also deny having insured the machinery contained in said house.

In *Gutiérrez v. Foix*, 23 P. R. R. 68, construing section 140 of our Code of Civil Procedure, we quoted with approval from a California case the following:

"This is a remedial provision, and under the terms of section 4 of the same code, which require it to be liberally construed with a view to effect its objects and promote justice, is observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law, and in such manner as will subserve rather than impede or defeat the ends of justice, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right."

The facts above outlined show no abuse of the broad discretion exercised by our trial courts in matters of this kind.

Having thus disposed of the case on its merits, without regard to the matters involved in the motion of defendants to amend the transcript, we need not pass upon the questions so raised, nor upon the motion to dismiss filed after the hearing.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.